THOMAS WRIGHTSON, ET AL. *v.* JOHN CLINE.

[Abstract Kentucky Law Reporter, Vol. 5—57.]

**Purchaser of Real Estate at Judicial Sale.**

Where real estate is sold at judicial sale and the sale is confirmed, the purchaser can not complain on the grounds that the credit given him is for a longer period than authorized by law. Even if true his rights are not affected.

**Jurisdiction of the Chancellor.**

After litigation lasting for some years and after more than one appeal to the Court of Appeals, it can not be contended for the first time that the chancellor had no jurisdiction because the circuit judge alone had transferred the case without the concurrence of the chancellor; besides where it is shown that such a transfer was made and the chancellor took jurisdiction without any objection and has been rendering judgments therein for years, the transfer was legal and the judgment valid.

**Purchaser's Title at Judicial Sale.**

> A purchaser acquires good title at a judicial sale, by the offer, the
> bid, its acceptance and confirmation, whether the steps up to the sale
> were regular or irregular.

## APPEAL FROM CAMPBELL CHANCERY COURT.

May 26, 1883.

OPINION BY JUDGE PRYOR:

The purchaser is in court asking the chancellor to set aside a sale
of this real estate, about which the litigation has been protracted for
years, upon the ground that the terms of sale and the credit given
him is for a longer period than authorized by law. This does not
affect the rights of the purchaser or invalidate the sale. The report
has been confirmed without objection, and the plaintiff is willing to
accept the judgment although to his prejudice, and for the benefit of
the defendant he is making no complaint but insisting upon the
confirmation here. The defendant, or the purchaser, is complaining
for her on the ground that the credit given is for too long a time.
Such a defense is unavailing. It is further alleged that this property
has been sold for some of the other liens and as the record shows
purchased by the defendant. No complaint has been made of the
terms of sale or purchase-money paid, and the chancellor when asked
to render the last judgment, which was a lien between the parties
even if they had complied with the terms of sale, included in his
judgment the entire amount due for this real estate and the property
sold to satisfy and discharge all of the purchase-money. This was
proper and the purchaser or the defendant have no right to com-
plain.

After a litigation for years and the cases have been in this court
on appeal some two or three times, it is now urged for the first time
that the chancellor had no jurisdiction because the circuit judge alone
had transferred the case without the concurrence of the chancellor.
The circuit judge did transfer the case and the chancellor took juris-
diction without objection being made, and has been rendering judg-
ments in these cases for years. The transfer was legal and the judg-
ment by reason of it valid.

It is further claimed that the property was not properly advertised.
This does not affect the purchaser. He can buy, if no advertise-

ments whatever were made, and after confirmation without objection his title becomes perfect. But it is said that the purchaser is paying the plaintiff more than he is entitled to recover. This is not material in determining the question of title. The purchaser acquired the title by the offer, the bid, its acceptance and confirmation.

It is claimed that, as an attachment was issued against the purchaser upon service of the rule, no execution could go on the judgment. This position is not tenable. There is no order to imprison these parties for the nonpayment of the purchase-money, but an execution directed to be issued to be levied on their goods and chattels. The effect of the argument is to require the chancellor, because an attachment was issued, to imprison the parties for a contempt on the failure to pay the money. If this had been done the action of the chancellor would have been a ground for reversal, and the chancellor recognizing fully the extent of his power permitted an execution to go.

There is no error in this case prejudicial to the purchaser, and the judgment on each appeal is now *confirmed*.

C. L. Raison, Jr., J. R. Hallam, for appellants.

F. M. Webster, C. J. Helm, for appellee.